Dear Mr. Gray:
You have requested our opinion whether the Board of County Commissioners for Frederick County may approve certain budget amendments relating to the County schools. Your inquiry was prompted by several requests by the local board of education to amend its budget for the current fiscal year, to increase the amount listed in the "surplus" line of the revenue portion of the budget and to add offsetting expenditures. We understand that the approved budget originally included $1 million in estimated surplus[1] and that an audit after the close of the prior fiscal year subsequently revealed an actual surplus exceeding $5 million.
You included with your request a memorandum by the County Attorney. A copy of that memorandum is attached to this opinion. The County Attorney concluded that the County Commissioners may not amend the budget they had previously adopted in order to recognize an increase in the amount of "surplus" listed under revenue from "local" sources.
We have carefully reviewed the County Attorney's memorandum and agree with that conclusion. Like the County Attorney, we reach this conclusion because the General Assembly has generally prohibited the Frederick County Commissioners from increasing the local budget after it has been adopted. Public Local Laws for Frederick County, Frederick County Code, §§ 2-7-5, 2-7-6.
We add two caveats. We note, as did the County Attorney, that the proposed budget amendments list the increase in surplus under revenues from "local" sources. If the increased surplus were attributable to unanticipated State or federal revenue) e.g., receipt of federal funds in excess of estimates) the County Commissioners would have discretion to approve the expenditure of those funds even after adoption of the budget. See Annotated Code of Maryland, Education Article ("ED"), § 5-105(c).
Second, we do not adopt the County Attorney's analysis of the Education Article with respect to unanticipated local funds. The County Attorney observed that E.D. § 5-105(c) authorizes a local governing body to approve a local board of education's expenditure of unanticipated "nonlocal" funds. He reasoned that the absence of a parallel provision in E.D. § 5-105 or elsewhere in the Education Article concerning the expenditure of unanticipated "local" funds implicitly forbids a local governing body from approving increased expenditures from local funds. However, the absence of such a provision may not signify a legislative intent to prohibit an increase in a local appropriation in all jurisdictions. Rather, the explicit requirement in E.D. § 5-105(c) that a local governing body approve the expenditure of new "nonlocal" funds may be designed to ensure that the local governing body has notice of, and exercises some control over, the use of such funds. Because the local governing body would necessarily be involved in an appropriation increasing local funds available for expenditure, the General Assembly may have seen no need to provide in the Education Article for special notice and authorization.[2] In any event, we need not resolve that question for, in Frederick County, the public local law governing the county budget constrains the Commissioners' discretion over the use of local funds. Thus, our conclusion relates solely to Frederick County.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] A local board of education's operating budget must include, among estimated receipts, "unliquidated surplus, the actual from the previous fiscal year and the estimated from the current fiscal year, whether accrued from revenues or expenditures." Annotated Code of Maryland, Education Article, § 5-101(b).
[2] Notably, regulations of the State Board of Education governing the "maintenance of effort" computations that relate to local funding recognize that a county "may decide to appropriate additional funds to its school operating budget during a fiscal year." COMAR13A.02.05.03B(4).
 *Page 76